## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 23 2016, 6:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard D. Croslin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 23, 2016

Court of Appeals Case No.
36A01-1511-CR-1984

Appeal from the Jackson Circuit Court.
The Honorable William E. Vance, Senior Judge.
Cause Nos. 36C01-1403-FC-16, 36C01-1403-FA-7

**Friedlander, Senior Judge**

[1] Richard D. Croslin appeals the aggregate twenty-six-year sentence the trial court imposed on his convictions of burglary as a Class B felony and burglary as a Class C felony.[1] We affirm.

[2] On March 8, 2014, Croslin sought emergency medical treatment at Schneck Medical Center in Jackson County. Hospital staff put him in a room. Croslin, who was accompanied by a companion, left his room and went to the nurses' break room. While his companion served as a lookout, Croslin stole personal property including a cell phone, an iPod, and clothing from the nurses' lockers. He gave the property to his companion, who took the items out to her car.

[3] After reviewing security camera footage, police officers obtained a search warrant for Croslin's apartment and found some of the stolen items there, plus marijuana and paraphernalia.

[4] In Cause Number 36C01-1403-FC-16 ("FC-16"), the State charged Croslin with one count of theft, a Class C felony; four counts of theft, all Class D felonies; four counts of receiving stolen property, all Class D felonies; and possession of

---

[1] Ind. Code § 35-43-2-1 (West, Westlaw 1999). The version of the governing statute, i.e., Ind. Code § 35-43-2-1, in effect at the time this offense was committed classified it as a Class A, B, or C felony. This statute has since been revised and in its current form reclassifies the offense as a Level 1, 2, 3, or 4 felony. *See* Ind. Code § 35-43-2-1 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015). The new classification, however, applies only to offenses committed on or after July 1, 2014. *See id.* Because these offenses were committed prior to that date, they retain the former classification.

marijuana and possession of paraphernalia, both Class A misdemeanors. The State further alleged that Croslin was an habitual offender.

[5] Meanwhile, on March 9, 2014, Bethany Hartzler returned to her apartment and discovered a man looking through her kitchen cabinets. She grabbed the man's arm and asked what he was doing. The man replied, "Stealing your money bitch," and punched Hartzler in the mouth. Appellant's App. p. 121. The man fled, and Hartzler discovered that he had taken $2,300, a flashlight/Taser, and a multi-tool device.

[6] A few days later, Hartzler saw Croslin's picture in the newspaper and recognized him as the man who struck her. She reported this information to the police. Officers who had searched Croslin's apartment in connection with his thefts from the hospital recalled seeing a flashlight and multi-tool in his apartment. In addition, an officer showed Hartzler a recording taken during the search of Croslin's apartment, and she identified the flashlight/Taser on the recording. Officers obtained another search warrant and recovered the flashlight/Taser and multi-tool from Croslin's apartment.

[7] In Cause Number 36C01-1403-FA-7 ("FA-7"), the State charged Croslin with burglary resulting in bodily injury, a Class A felony; theft, a Class D felony; and battery resulting in bodily injury, a Class A misdemeanor.

[8] Croslin and the State executed plea agreements in FC-16 and FA-7. In FC-16, Croslin agreed to plead guilty to Class C felony burglary. In FA-7, Croslin agreed to plead guilty to Class B felony burglary as a lesser-included offense of

Class A felony burglary. In both plea agreements, the State agreed to dismiss all other charges. The parties agreed that Croslin would serve his sentences in FC-16 and FA-7 consecutively, but the State would not recommend an aggregate sentence longer than twenty-five years.

[9] The trial court accepted the plea agreements and held a combined sentencing hearing. The court sentenced Croslin to seven years in FA-16 and nineteen years in FA-7, to be served consecutively for an aggregate sentence of twenty-six years.

[10] Croslin now appeals, claiming his sentence is too long. He does not specify the amount of the reduction he is seeking.

[11] Article VII, section six of the Indiana Constitution authorizes the Court of Appeals to review and revise sentences. That authority is carried out through Indiana Appellate Rule 7(B), which allows an appellate court to revise a sentence that is otherwise authorized by statute if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[12] The principal role of appellate review under Rule 7(B) is to attempt to leaven the outliers, not to achieve a perceived "correct" result in each case. *Garner v. State*, 7 N.E.3d 1012, 1015 (Ind. Ct. App. 2014). Thus, the key question is not whether another sentence is more appropriate, but whether the sentence imposed in the instant case is inappropriate. *Williams v. State*, 997 N.E.2d 1154 (Ind. Ct. App. 2013).

[13]     It is the defendant's burden to persuade us that the sentence is inappropriate. *Id.* Whether a sentence is inappropriate depends upon the culpability of the defendant, the severity of the crime, the damage done to others, and many other circumstances that are present in a given case. *Harman v. State*, 4 N.E.3d 209 (Ind. Ct. App. 2014), *trans. denied*. Thus, when assessing the nature of the offense and the character of the offender, we may look to any factors appearing in the record. *Thompson v. State*, 5 N.E.3d 383 (Ind. Ct. App. 2014).

[14]     At the time Croslin committed his crimes, the advisory sentence for a Class B felony was ten years, with a maximum sentence of twenty years and a minimum sentence of six years. Ind. Code § 35-50-2-5 (West, Westlaw 2005). The advisory sentence for a Class C felony was four years, with a maximum sentence of eight years and a minimum sentence of two years. Ind. Code § 35-50-2-6 (West, Westlaw 2005). The trial court sentenced Croslin to nineteen years for his Class B felony burglary and seven years for his Class C felony burglary, to be served consecutively for an aggregate sentence of twenty-six years, two years short of the maximum possible sentence.

[15]     Turning to the nature of the offenses, in FC-16 Croslin stole from medical professionals from whom he had sought emergency treatment. He took advantage of people who were treating him. In addition, he worked with an accomplice who served as a lookout and took the stolen goods to her car, which indicates that Croslin planned the crime to some extent.

In FA-7, Croslin entered an apartment and punched Hartzler in the face when she confronted him. His violent act appears to have been completely gratuitous. According to a police report, Hartzler was four months pregnant at the time. In addition, Croslin stole money that Hartzler needed to buy a car.

Turning to the character of the offender, Croslin has a lengthy criminal record. He was forty-nine years old at sentencing, and his criminal history stretches back to 1984. Croslin has fifteen prior felony convictions, including burglary, theft (two convictions), battery, robbery (five convictions), operating a motor vehicle while intoxicated, and forgery. Two of his robbery convictions involved hitting women in the course of stealing their purses, so it appears he has a pattern of committing violent crimes against women while stealing their property. Croslin has never gone more than two or three years without committing crimes. He was on probation when he committed the offenses at issue. Clearly, prior sentences have not deterred Croslin from choosing to commit crimes. To the contrary, he continues to commit the same types of crimes over and over again.

Croslin claims that his crimes are the result of lifelong addictions to drugs and alcohol for which he needs treatment. The record does not show that he has ever sought such treatment except when he is facing criminal charges. *See Marley v. State*, 17 N.E.3d 335 (Ind. Ct. App. 2014) (history of substance abuse does not merit sentence reduction where appellant did not request treatment until after his arrest), *trans. denied*. Croslin further argues that he assisted the police, but he only admitted that he had taken property from the hospital after

the stolen goods were found in his apartment. Similarly, Croslin claims that he deserves credit for pleading guilty, but the evidence against him was very strong and he received substantial benefits by pleading guilty because the State dismissed several other charges, including an habitual offender enhancement. He says he expressed remorse during the sentencing hearing, but the trial court was in the best position to assess his credibility. *See Sandleben v. State*, 29 N.E.3d 126, 136 (Ind. Ct. App. 2015) (unless there is evidence of "some impermissible consideration" by the trial court, we accept the court's assessment of remorse), *trans. denied*.

[19] Based upon the circumstances of the crimes and Croslin's substantial criminal history, he has failed to demonstrate that his enhanced sentence is inappropriate. For the foregoing reasons, we affirm the judgment of the trial court.

[20] Judgment affirmed.

Najam, J., and Kirsch, J., concur.